**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ALMONDNET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; and AMAZON WEB SERVICES, INC.,<br><br>Defendants. | Case No. 6:21-cv-00898-ADA |

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR COSTS (ECF NO. 327)**

Before the Court is Plaintiff AlmondNet, Inc's Opposed Motion for Costs (ECF No. 327), filed on October 29, 2024, which requests a fraction of the costs originally enumerated in AlmondNet's Bill of Costs (ECF No. 322). Defendant Amazon[1] filed an opposition to AlmondNet's motion on November 4, 2024 (ECF No. 329), and AlmondNet filed a reply brief on November 12, 2024 (ECF No. 330). The Court heard oral argument on AlmondNet's motion on June 24, 2025.

After careful consideration of the Bill of Costs, the parties' briefing and oral arguments, and the applicable law, the Court **GRANTS-IN-PART** the costs identified in AlmondNet's Bill.

## I. BACKGROUND

AlmondNet brought a patent infringement suit against Amazon on August 27, 2021,

[1] For purposes of this Order, Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. are collectively referred to as "Amazon."

alleging *inter alia* infringement through Amazon's advertising platform of U.S. Patent No. 8,671,139 (the "'139 patent) and U.S. Patent No. 7,822,639 (the "'639 patent"). *See* ECF No. 1 at 17–22. This Court conducted a jury trial from June 10–14, 2024, resulting in a unanimous verdict that Amazon infringed claim 37 of the '139 patent and claim 24 of the '639 patent. The Court entered judgment on September 24, 2024. ECF No. 320.

On October 8, 2024, AlmondNet entered its Bill requesting $361,878,92. ECF No. 322. On October 29, 2024, AlmondNet filed its opposed motion for costs, seeking a revised amount of $178,230.18. ECF No. 327 at 8.

## II. LEGAL PRINCIPLES

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under this rule, there is a strong presumption "that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that this presumption intended to create prima facie entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party. *Id*. Additionally, the court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (quoting *Schwarz*, 767 F.2d at 131).

According to the Fifth Circuit, a wide range of reasons justify denying costs for the prevailing party. *Id.* Included in these potential reasons are:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Id.* In addition, the court can deny costs if the losing party entered into litigation in good faith. *Id.*

## III. ANALYSIS

As the prevailing party, AlmondNet is prima facie entitled to costs under Rule 54(d)(1). *Pacheco*, 448 F.3d at 793. Amazon does not dispute the majority of the costs requested by AlmondNet's motion. However, as discussed below, Amazon disputes that AlmondNet is entitled to the requested costs for trial animation, trial graphics, and a trial technician. The Court addresses each category of costs below.

### A. Fees of the Clerk

AlmondNet seeks to recover $402 for filing the complaint. ECF No. 322 at 3; ECF No. 327 at 2. Amazon does not oppose recovery of this cost. Accordingly, the Court finds AlmondNet is entitled to recover $402 for such costs.

### B. Fees for Printed or Electronically Recorded Transcripts

AlmondNet seeks to recover $95,318.40 (ECF No. 327 at 2), reduced from AlmondNet's original request for $143,800.20 (ECF No. 322 at 3). Amazon does not oppose recovery of this cost. Accordingly, the Court finds AlmondNet is entitled to recover $95,318.40 for such costs.

### C. Fees for Witnesses

AlmondNet seeks to recover $6,619.47 (ECF No. 327 at 3), reduced from AlmondNet's original request for $14,747.81 (ECF No. 322 at 3). Amazon does not oppose recovery of this cost. Accordingly, the Court finds AlmondNet is entitled to recover $6,619.47 for such costs.

### D. Fees for Exemplification and Copies

AlmondNet seeks to recover $76,509.10, reduced from AlmondNet's original request for $200,547.70. *See* ECF No. 322 at 3 (original request). This reduced amount includes $12,500 for copies of materials necessary obtained for use in this case (ECF No. 327 at 3), and $64,009.10 "in costs for trial animation/graphics and [AlmondNet's] trial technical," framed by AlmondNet "as exemplification costs" (*id.* 327 at 4).

Amazon does not oppose recovery of $12,500 for materials necessarily obtained for use in

this case. Accordingly, the Court finds AlmondNet is entitled to recover the unopposed amount of $12,500.

Amazon does, however, oppose recovery of the $64,009.10 for AlmondNet's alleged exemplification costs, asserting that trial graphics and trial technical costs are not "exemplification" costs under 28 U.S.C. §1920(4). ECF No. 329 at 1. In response, AlmondNet argues that in highly technical cases "trial technology is not only reasonable but necessary." ECF No. 327 at 4 (quoting *Two-Way Media, LLC v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *6 (W.D. Tex. Nov. 22, 2013)). According to AlmondNet, because "these animations and graphics assisted the jury in considering complex infringement and validity issues and allowed AlmondNet to present its case in a streamlined, orderly, and efficient manner," these costs should be awarded under Section 1920(4). ECF No. 372 at 7.

As Amazon correctly notes, however, "the utility of costs is immaterial because they do not qualify as 'exemplifications' in the first instance." ECF No. 329 at 2. This is the same conclusion this Court previously reached in considering the same issue. *Profectus Tech. LLC v. Google LLC*, No. 6:20-CV-00101-ADA, 2022 WL 3362282, at *6 (W.D. Tex. Aug. 15, 2022) ("[T]his Court's accepted definition likewise excludes expenses incurred for graphics and trial technical services for trial," because they "are not examples, illustrations, prototypes, samples, or the like. Such costs simply do not fall within the language of the statute."). The Court reiterates its conclusion that exemplification costs should be limited to "examples, illustrations, prototypes, samples, or the like" (*id.* at *7), not trial graphics designed to persuade the jury.

As the Court previously noted, this interpretation avoids "transform[ing] § 1920(4) from a tool to recover 'relatively minor, incidental expenses' into a roving warrant to recover potentially millions of dollars expended on graphics and demonstratives." *Id.* at *7 (quoting *United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, No. 5:14-CV-35-RCL, 2021 WL 1968294, at *11 (W.D. Tex. May 17, 2021)). The concern expressed in *United Biologics* and this

Court is not a merely hypothetical concern; although AlmondNet's trial graphics and trial technical costs submitted to the Court did not rise to "millions of dollars," they did rise to nearly two-hundred thousand dollars in AlmondNet's original Bill. *See* ECF No. 322 at 3. Furthermore, policing whether hundreds of thousands of dollars in trial graphics and trial technical costs are "reasonable" would pose practical concerns, as the "reasonableness" of such costs are far more subjective than the types of costs typically allowed under 28 U.S.C. § 1920, such as filing fees, witness costs, document copying, etc.

The Court further notes that its interpretation of "exemplification" is supported by the Federal Circuit's consideration of a cost award granting "costs for "trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations." *See Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1374–75 (Fed. Cir. 2006). Although that case involved an application of First Circuit law, the Federal Circuit reasoned that "the First Circuit would adopt the ***narrow, legal definition of the term 'exemplification' endorsed by the Fifth Circuit***, the Eleventh Circuit, and this court applying Sixth Circuit law" in a manner that would exclude "demonstrative evidence." *Id.* at 1377 (emphasis added).

AlmondNet implies that the Federal Circuit erred in *Summit Technology*, relying on the Fifth Circuit case *Gaddis v. United States* as implying that "graphic aids" are encompassed within the Fifth Circuit's definition of "exemplification." *See* ECF No. 330 at 4–5 (citing *Gaddis v. United States*, 381 F.3d 444, 456 (5th Circ. 2004)). But as noted in *Profectus*, this "represents a view of § 1920 that the Fifth Circuit appears to have abandoned" in later years. 2022 WL 3362282, at *7; *see, e.g.*, *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x. 774, 780 (5th Cir. 2017) (denying costs for "video setup and playback at trial" because "nothing in the statute authorizes" these costs).

Accordingly, this Court conforms to its prior opinion in *Profectus*, as well as precedent from both the Fifth Circuit and Federal Circuit in holding that exemplification costs exclude trial graphics

and trial technician costs, regardless of whether such costs are necessary or reasonable. Because AlmondNet's alleged "exemplification" costs are not encompassed within the definition of "exemplifications," the Court declines to award the requested $64,009.10 to AlmondNet.

### E. Compensation of Court-Appointed Experts

AlmondNet seeks to recover $2,381.21 for costs of Court-appointed experts. ECF No. 327 at 4; ECF No. 322 at 3. Amazon does not oppose recovery of this cost. Accordingly, the Court finds AlmondNet is entitled to recover $2,381.21 for such costs.

## IV. CONCLUSION

It is therefore ORDERED that AlmondNet's motion for costs is **GRANTED-IN-PART**.

AlmondNet's request for $64,009.10 in trial graphics and trial demonstratives is denied. AlmondNet is entitled to the undisputed costs discussed above, for a total cost award of $114,221.08. *See also* ECF No. 327 at 2–4 (articulating "these undisputed costs, totaling $114,221.08").

**SIGNED this** 11th day of December, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE